UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 23-cr-10075-RGS |
| | ) | |
| JOSEPH A. PADILLA, | ) | |
| Defendant | | |

## Initial Memorandum In Support of Pretrial Release Pending October 2023 Trial

Mr. Padilla is a first-time, non-violent offender. He overcame a terrible childhood and made something of his life, building a successful career in the securities industry. Nonetheless, despite no criminal history and accused of a purely economic crime, he was arrested on August 25, 2022, inside the San Diego International Airport, in a very public and humiliating fashion. He was thereafter subjected to a horrific jail experience, described as follows by Mr. Padilla:

> Well, they put you in quarantine, so you're locked in 24/7. At that time, it was 24/7 and then you could go out to shower twice a week. The experience was...I think the way the jail was over there it wasn't set up right. I didn't have a change of clothes. I learned to wash my clothes in the sink. [You] weren't allowed any commissary. No shampoo. You couldn't leave, you were always in your cell the whole time. . .I believe I was in there for six or seven days. I didn't have a pencil to write with and I couldn't make phone calls to know what was going on. The guards there were scary, I did not think I could ask them for anything.

Released approximately nine days later, on September 2, 2022, serious psychological damage was already done. Mr. Padilla's mental health only deteriorated from there—consumed by the fear of losing everything, the inability to support his family, and dying in prison, Mr. Padilla sought professional help and began to self-medicate as well. These fears were only compounded by a horrific childhood experience, one "[f]illed with drugs, poverty and crime," with a heroin-addicted father who burglarized homes to feed his habit and an unemployed, alcoholic mother who supported a family through welfare. By the time Mr. Padilla was re-arrested on January 20,

1

2023, the unrelenting pressure and sheer cruelty of our criminal justice system had pushed his mental health to the breaking point.  He had been taking prescriptive medications for anxiety and self-medicating with additional drugs and alcohol.  Imprisoned once again, in solitary confinement, and awaiting transfer to Boston, Mr. Padilla's paranoia and anxiousness began to consume him.  Exacerbating the situation, the prison denied Mr. Padilla his prescribed medication.  He ultimately suffered a psychotic breakdown, and awoke chained to a hospital bed, where he remained for approximately eight days.

All of these facts, and more, are set out in the report of Dr. Jhilam Biswas, an American Board of Psychiatry and Neurology (ABPN) certified forensic psychiatrist, director of the Psychiatry, Law and Society Program at Brigham and Women's Hospital in Boston, and a faculty member at Harvard Medical School.  Dr. Biswas' full report is provided to the Court under seal as Exhibit 1 to this pleading.  Dr. Biswas has reached the following conclusions, to a reasonable degree of medical certainty: (1) Mr. Padilla experienced an adjustment disorder after his arrest at the San Diego International Airport and subsequent incarceration in solitary confinement from 08/25/2022 through 09/02/2023, (2) Mr. Padilla thereafter sought care from doctors and attempted to self-medicate his symptoms (insomnia, anxiety, paranoia, low mood) over the course of September 2022 to January 2023, (3) the combination of medications superimposed on a mood disorder resulted in a psychiatric decompensation over the course of months, and (4) Mr. Padilla ultimately suffered a psychotic disorder, while imprisoned, in January 2023.

Our criminal justice system has a problem.  The government routinely arrests non-violent offenders when a summons will certainly suffice.  We routinely deny bail to citizens presumed innocent.  As this Court is well aware, a recent study by Alison Siegler from the University of Chicago Law School, entitled "Freedom Denied, How The Culture of Detention Created A

2

Federal Jailing Crisis," chronicles these problems, in vivid detail. What this case illustrates, though, is the extreme psychological damage inflicted on a human being forced to live with the unrelenting, overwhelming pressure of a pending federal prosecution and the concomitant fear of "dying in prison," particularly for individuals with no prior experience with the criminal justice system. Here, that pressure and fear literally drove a first-time, non-violent offender to a psychological breakdown.

Mr. Padilla recognizes that the facts and circumstances outlined in the government's motion to revoke his bail will justifiably provide the Court with serious concerns regarding further pretrial release in this case. Mr. Padilla respectfully urges this Court, though, to follow a path other than continued detention. Mr. Padilla has already suffered enough punishment for a lifetime—the conditions of his incarceration prior to arriving at the Wyatt Detention Center were nothing short of abysmal—and he has already learned significant lessons here. His ability to prepare for his trial (scheduled for October 2023) and to assist counsel in that preparation will obviously be significantly enhanced if granted pretrial release. And, perhaps most importantly, he now has a better understanding of, and treatment plan for, the psychological disorders that have plagued him since his arrest.

In short, after hearings in this matter, Mr. Padilla asks this Court to release him on the following conditions, in addition to any other conditions the Court believes appropriate:

1. Home detention—preferably at his residence in San Diego, so that Mr. Padilla can reside with his loved ones and benefit from their support and structure, but Mr. Padilla will rent a residence in the Boston area if the Court so desires;

2. Electronic monitoring; and

3. Appropriate mental health treatment, as recommended by Dr. Biswas.

Respectfully Submitted,
The Defendant,
Joseph A. Padilla,
By His Attorney,


**/s/ Robert M. Goldstein**
Robert M. Goldstein, Esq.
Mass. Bar No. 630584
20 Park Plaza, Suite 1000
Boston, MA 02116
(617) 742-9015
rmg@goldstein-lawfirm.com


Dated: May 8, 2023


## Certificate of Service

    I, Robert M. Goldstein, hereby certify that on this date, May 8, a copy of the foregoing document has been served via the Electronic Court Filing system on all registered participants, including Assistant U.S. Attorneys James R. Drabick and Ian Stearns.


    **/s/ Robert M. Goldstein**
    Robert M. Goldstein