UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 23-CR-10075-RGS |
| ) | |
| JOSEPH A. PADILLA, ) | |
| ) | |
| Defendant.   ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**STEARNS, D.J.**

WHEREAS, March 21, 2023, a federal grand jury sitting in the District of Massachusetts returned a four-count Indictment, charging the Defendant, and another, with Conspiracy to Commit Securities Fraud, in violation of 18 U.S.C. § 371 (Count One); Securities Fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a); 17 C.F.R. § 240.10b-5; 18 U.S.C. § 2 (Counts Two and Three); and Attempt to Cause the Production of an Identification Document Without Lawful Authority, in violation of 18 U.S.C. §§ 1028(a)(1), (b)(2)(A), and (f); 18 U.S.C. § 2(b) (Count Four);

WHEREAS, the Indictment included a Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses set forth in Counts One through Three of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses;

WHEREAS, the Indictment also included a Forfeiture Allegation, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1028(b), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense set forth in Count Four of the Indictment, of any property constituting or derived from proceeds obtained, directly or indirectly,

as a result of such offense; and any personal property used, or intended to be used, to commit, the offense;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such forfeitable property, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(2) and 1028(b);

WHEREAS, on August 17, 2023, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pleaded guilty to Counts One through Four of the Indictment, pursuant to a written plea agreement that the Defendant signed on August 4, 2023;

WHEREAS, in Section 7 of the plea agreement, the Defendant agreed to forfeit $3,000,000 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment), and admitted that the $3,000,000 is subject to forfeiture on the grounds that it is equal to the amount of proceeds derived from the offense;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on August 17, 2023, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $3,000,000, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(a)(2)(B) and 1028(b); and,

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $3,000,000, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(a)(2)(B) and 1028(b).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(2) and 1028(b), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ Richard G. Stearns
**RICHARD G. STEARNS**
United States District Judge

Dated: **11/7/2023**